**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHARLES EDWARD SCOTT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **A-26-CV-00881-DAE** |
| | § | |
| **TDCJ,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is Plaintiff Charles Edward Scott's civil-rights complaint. Plaintiff is proceeding *pro se*. The Court granted Plaintiff leave to proceed *in forma pauperis*. After review of Plaintiff's complaint, this case is dismissed.

## BACKGROUND

At the time he filed his complaint, Plaintiff had been released from the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ). Plaintiff simply alleges his imprisonment was unlawful and he was given years for something that was not aggravated for a deadly weapon. He asks for restitution.

## LEGAL STANDARD

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**DISCUSSION**

A.   Eleventh Amendment Immunity

Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This bar extends not only to the state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.* Accordingly, Plaintiff's claims against TDCJ are barred.

B.   *Heck v. Humphrey*

Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

2

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.

### CONCLUSION

Plaintiff's claims against TDCJ are barred by sovereign immunity. Ordinarily, the Court would provide Plaintiff with an opportunity to amend his complaint before dismissal. However, an amendment in this case would be futile as Plaintiff's claims are also barred by *Heck*.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. § 1915(e).

**SIGNED** the 16th day of April 2026.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

3